UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **KILN UNDERWRITING LIMITED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4350** |
| **JESUIT HIGH SCHOOL OF NEW ORLEANS** | **SECTION "T" (4)** |

    Before the Court is a Motion To Reconsider the Court's May 4, 2007 Order consolidating Civil Action 06-5057 with Civil Action 06-4350 and 06-5060 (Rec. Doc. 24).  The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

**I.  BACKGROUND**

    On May 4, 2007, Judge Sarah S. Vance issued an Order granting Waldorf Risk Solutions, LLC and Waldorf and Associates, Inc.'s Motion to Consolidate and Transfer, stating that the "three cases involve common issues of law and fact." Jesuit High School of New Orleans  now requests this Court to reconsider the May 4, 2007 Order and vacate and deny the Motion to Consolidate and Transfer.  Jesuit's motion is based on the assertion that "the only common connection between the

Agent Action and the Underwriters' Action is that all matters involve Jesuit High School."

### III. LAW AND ANALYSIS OF THE COURT

Rule 42 of the Federal Rules of Civil Procedure states, in pertinent part:

> (a)  Consolidation.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trail of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Fifth Circuit has held that the power of the District Court to consolidate cases is purely discretionary. *Chatham Condominium Assns. v. Century Village, Inc.*, 597 F.2d 1002 (5th Cir. 1979). The district judge who permits full and complete development of the evidence, gives the parties equal opportunity for argument, delivers a clear and complete charge on the facts and the law, will prevent any prejudice to the parties resulting from the consolidation. *Dupont v. Southern Pacific Company,* No. 22412 (C.A. La. 9/21/1966), 366 F.2d 193.

The Court finds that the language of Rule 42 gives discretion to the District Court to determine when matters should be consolidated and, further, the nature and extent of the consolidation. Therefore, this Court defers to Judge Vance's original ruling on this issue and finds that Jesuit will not be prejudiced by the consolidation of these cases for discovery and trial.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration, filed on behalf of the Plaintiff, Jesuit High School of New Orleans, be, and the same is hereby **DENIED**.

New Orleans, Louisiana, this 13th day of July, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**