UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KILN UNDERWRITING LIMITED, § | | |
| INDIVIDUALLY AND AS THE AUTHORIZED § | | |
| REPRESENTATIVE OF CERTAIN § | | |
| UNDERWRITERS AND § | | |
| INSURERS AT LLOYD'S OF LONDON, § | | |
| SEVERALLY SUBSCRIBING TO POLICY § | CIVIL ACTION NO. 06-4350 | |
| NO.  901/LU0435398, § | c/w 06-5060 and | |
|     Plaintiffs § | 06-5057 | |
| § | SECTION: "T" | |
| VERSUS § | | |
| § | MAGISTRATE: 4 | |
| JESUIT HIGH SCHOOL § | | |
| OF NEW ORLEANS, § | | |
|     Defendant § | | |

**BENCH BRIEF REGARDING BURDEN OF PROOF
SUBMITTED ON BEHALF OF
KILN UNDERWRITING LIMITED, INDIVIDUALLY AND AS
THE AUTHORIZED REPRESENTATIVE OF
CERTAIN UNDERWRITERS AND INSURERS AT
LLOYD'S OF LONDON, SEVERALLY
SUBSCRIBING TO POLICY NO. 901/LU0435398**

MAY IT PLEASE THE COURT:

    Kiln Underwriting Limited, individually and as the authorized representative of Certain Underwriters and Insurers at Lloyd's of London, severally subscribing to Policy No. 901/LU0435398 (hereinafter referred to as "Kiln"), respectfully submits this Bench Brief in support

of its position that, although a nominal plaintiff in the action for declaratory judgment[1] filed in connection with the proof of loss and claim for coverage made on behalf of Jesuit High School of New Orleans, it is not the **true plaintiff** in the context of these consolidated proceedings. The burden of proof in connection with these consolidated proceedings should rest with the **true plaintiff**, Jesuit High School of New Orleans, which is the insured affirmatively seeking coverage under the policy at issue in this litigation; and further, the party that has asserted breach of contract and tort claims, not only against Underwriters but also against the insurance broker involved in placement of the coverage in dispute, Waldorf & Associates, Inc.

In support of its position that Jesuit High School of New Orleans should bear the burden of proof in these consolidated proceedings, Kiln submits the following:

1. The burden of proof in a case involving a non-federal subject matter, as in the instant case, an action involving insurance, is a substantive matter to be determined by the law of the forum state, i.e., Louisiana law. This is particularly the case in connection with a case such as the instant case, which is a diversity action.

2. Under Louisiana law, the insured (Jesuit High School) bears the burden of proving that the loss falls within the coverage of the policy. Thereafter, and only if the insured has met its

---

[1] Significantly, in response to Kiln's action for declaratory judgment, Jesuit High School filed a counter-claim asserting breach of contract and tort claims. Moreover, in its separate lawsuits against Kiln and Waldorf, Jesuit has requested a trial by jury. In fact, the consolidated proceedings are scheduled as a jury trial.

initial burden of proof regarding coverage, the insurer has the burden of proving the applicability of any policy exclusions or limitations. *See .e.g., Doerr v. Mobil Oil Corp.,* 774 So.2d 119 (La. 2000); *Coleman v. School Bd. of Richland Parish*, 418 F.3d 511 (5th Cir. 2005 (applying Louisiana law)); *Ceasar v. Great Falls Ins. Co.*, 371 So.2d 1286 (La. App. 3rd Cir. 1979) and *Evins v. Louisiana Farm Bureau Mutual Ins. Co.*, 907 So.2d 733 (La. App. 1st Cir. 2005).

3. Under Louisiana law, Jesuit High School also bears the burden of proof with respect to its claims for statutory penalties under LSA-R.S. 22:658 and LSA-R.S. 22:1220. *See Boudreaux v. State Farm Mut. Auto Ins. Co.*, 896 So.2d 230 (La. App. 4th Cir. 2005); *Cloud v. National Automotive Ins. Co.*, 875 So.2d 866 (La. App. 3rd Cir. 2004); *Ramirez v. Ware*, 680 So.2d 1302 (La. App. 2nd Cir. 1996) and *Hall v. State Farm Mut. Auto Ins. Co.*, 658 So.2d 204 (La. App. 3rd Cir. 1995). Additionally, Jesuit also bears the burden of proof with respect to its claims against Waldorf & Associates, Inc. *See Breck Construction Co. v. Thomas, Farr and Reeves Agency, Inc.*, 852 So.2d 1151 (La. App. 2nd Cir. 2003) and *Taylor v. Sider*, 765 So.2d 416 (La. App. 4th Cir. 2000).

4. Even in the context of an action for declaratory judgment brought by the insurer, the traditional burden of proof should not be displaced simply because the insurer has taken the initiative of initiating such an action. As summarized by one Court:

> Even though the insurer has initiated this declaratory judgment action and is titularly the plaintiff, [the preferable rule is to] adhere to the fundamental rule that the risk of non-persuasion rests upon the party who . . . asserts the affirmative of an issue and it remains there until the termination of the action . . . **The burden of proof which usually accompanies the affirmative of the issue of coverage should not be shifted merely due to the form of the action . . . [I]t would seem rather anomalous that so important a matter (as the burden of proof) should depend on the chance of who first sues . . .**

See *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1176 (3rd Cir. 1976).

5.  The *Videfreeze Corp.* Court also recognized that:

    > When, as here, the insurance company seeks only a declaratory of non-liability and the insured asserts coverage under the policies with the company **. . . the insured is in reality seeking recovery under the policy and the insurer is denying the liability . . . We thus place the burden of proof, or the risk of non-persuasion, where it would ordinarily rest under the Anglo-American system of jurisprudence - - on the insured.** *Id.* at 1176 (emphasis added).

6.  Several courts agree that the burden of proof should not be shifted merely because the insurer institutes the action as one for declaratory judgment. *See, e.g., American Eagle Ins. Co. v. Thompson*, 85 F.3d 327 (8th Cir. 1996); *Allstate Ins. Co. V. Sprout*, 782 F.Supp. 999 (M.D. Pa. 1991); *Utah Farm Bureau Ins. Co. v. Dairyland Insurance Co.*, 634 F.2d 1326 (10th Cir. 1980); *Preferred Accident Ins. Co. v. Grasso*, 186 F.2d 987 (2nd Cir. 1951); *Travelers Ins. Co. v. Greenough*, 190 A. 129 (N.H. 1937) and *M.F.A. Mut. Ins. Co. v. Quinn*, 259 S.W.2d 854 (Mo. App. 1953)*.* This view also enjoys the support of Professor Borchard, Declaratory Judgments, 2d Ed. (1941), pp. 404-409.

For all the foregoing reasons, Kiln respectfully submits that the burden of proof in these consolidated proceedings should rest with plaintiff Jesuit High School of New Orleans and that, accordingly, Jesuit should be regarded as the **true plaintiff** with respect to the order of trial and related pre-trial requirements as delineated in this Honorable Court's Standard Scheduling Order.

Respectfully submitted:

/s/ **José R. Cot**
**MICHAEL J. MAGINNIS (La. 8862)**
**JOSÉ R. COT (La. 18852)**
**MAGINNIS & HURLEY, APLC**
365 Canal Street, Suite 2750
New Orleans, Louisiana  70130
Telephone:  (504) 524-5353
Telefax:  (504) 524-5403
**ATTORNEYS FOR KILN UNDERWRITING LIMITED, INDIVIDUALLY AND AS THE AUTHORIZED REPRESENTATIVE OF CERTAIN UNDERWRITERS AND INSURERS AT LLOYD'S OF LONDON,  SEVERALLY SUBSCRIBING TO POLICY NO. 901/LU0435398**

## CERTIFICATE OF SERVICE

I hereby certify that on , November 1, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the attorneys listed below:

>MICHAEL A. MCGLONE, ESQ.
>ANTHONY M. WILLIAMS, ESQ.
>KEAN MILLER HAWTHORNE D'ARMOND
>MCCOWAN & JARMAN LLP
>LL&E Tower
>909 Poydras Street, Suite 1450
>New Orleans, LA 70112
>
>KENNETH B. KROBERT, ESQ.
>CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.
>3850 N. Causeway Boulevard, Suite 900
>Metairie, LA 70002

>                /s/ JOSÉ R. COT